IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MACY P.
on behalf of herself and her minor
children, and all others similarly
situated on behalf of
Daiden P. on behalf of
Kylan P. on behalf of
Harlan P. on behalf of
Grayson P. on behalf of
Brista P., et al.,

   Plaintiffs,

      v.

NATHAN DEAL
in his official capacity as Governor of
Georgia, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:16-CV-4609-TWT

**OPINION AND ORDER**

This is a civil rights action. It is before the Court on the Defendants Nathan Deal, Robyn A. Crittenden, Bobby Cagle, Benjamin Brinson, Steven Mancuso, Natalie Howell, Jessica Rhoads, and Susanne Fales Rowley's Motion to Dismiss or, in the alternative, Motion for a More Definite Statement [Doc. 24], and the Defendant Charles R. Reddick's Motion to Dismiss [Doc. 39]. For the reasons set forth below, the Defendants Deal, et al.'s Motion to Dismiss or, in the alternative, Motion for a

More Definite Statement [Doc. 24] is GRANTED, and the Defendant Charles R. Reddick's Motion to Dismiss [Doc. 39] is GRANTED.

## I. Background

The Plaintiff Macy P. is the mother of the Plaintiffs Daiden P., Kylan P., Harlan P., Grayson P., and Brista P.[1] The Plaintiff Teresa G. is Macy's mother.[2] Macy gave birth to her five children between 2013 and 2016.[3] All five of her children are currently in the custody of the Georgia Division of Family and Children Services ("DFCS") pursuant to orders of the Juvenile Court of Clinch County.[4] In 2014, Macy and her second child Kylan both tested positive for drugs upon Kylan's birth.[5] DFCS subsequently opened a case, and the Defendant Susanne Rowley – a DFCS caseworker – removed Kylan and Macy's first child, Daiden, from Macy's care.[6] The two children were placed in the care of Macy's sister.[7] Then, in late 2014, Macy gave birth to her third child, Harlan, who was removed from her care because she failed to

---

[1] Am. Compl. ¶ 78.

[2] Id. ¶ 77.

[3] Id. ¶ 78.

[4] Id. ¶¶ 78, 81, 202.

[5] Id. ¶ 86.

[6] Id. ¶¶ 14, 86.

[7] Id. ¶¶ 87-88.

obtain any prenatal care during the course of her pregnancy.[8] Upon the request of Macy, Harlan was placed in the care of Macy's father.[9] In 2015, Macy gave birth to her fourth child, Grayson.[10] At that point, Macy was working at a hotel and living at the Pines Family Campus, a drug rehabilitation facility, which was a condition of her probation for drug-related offenses.[11] In addition, Juvenile Court Judge Clayton Tomlinson returned Daiden and Kylan to the custody of Macy, meaning she was caring for three of her four children while living at the Pines Family Campus.[12]

According to the Plaintiffs, the stress of caring for her children while also living at the drug rehabilitation facility led Macy to make "bad decisions that resulted in her violating her curfew."[13] Because she violated her curfew, Macy was dismissed from her drug rehabilitation program.[14] Consequently, Rowley removed Daiden, Kylan, and Grayson from Macy's custody and placed them in foster care with non-relatives.[15]

---

[8] Id. ¶¶ 90-91.

[9] Id. ¶ 92.

[10] Id. ¶ 93.

[11] Id.

[12] Id. ¶¶ 93-94.

[13] Id. ¶ 95.

[14] Id.

[15] Id. ¶¶ 95, 100.

Macy then relapsed into drug use and was re-incarcerated.[16] She also became pregnant with her fifth child, Brista, prior to her re-incarceration.[17] Eventually, Rowley decided that Daiden, Dylan, and Grayson were doing well with their foster parents and, as a result, filed a non-reunification case plan with the Juvenile Court, seeking to make the placement permanent.[18] In November 2016, Brista was born and, shortly thereafter, due to concerns over Macy's prior drug use, Brista was removed by DFCS.[19] Brista's removal was purportedly authorized by the Defendant Steven Mancuso.[20]

The Plaintiffs allege widespread deficiencies in DFCS's removal process. They contend that every time Macy's children were removed from her care, DFCS failed to consider various placement options with known relatives.[21] For example, Harlan was placed with Macy's father, but the Plaintiffs still contend that DFCS did not consider placing Harlan with other known relatives, including Teresa and Macy's grandmother.[22] For Brista, the Plaintiffs allege that Macy had become "drug free" and

---

[16] Id. ¶¶ 96, 107.

[17] Id. ¶ 107.

[18] Id. ¶¶ 102, 109.

[19] Id. ¶¶ 125-127.

[20] Id. ¶ 126.

[21] Id. ¶¶ 87-88, 90-92, 100-06, 113.

[22] Id. ¶¶ 90-92.

secured employment by the time of Brista's birth.[23] Thus, the Plaintiffs argue that Brista's removal was not necessary and that DFCS failed to take steps to avoid the removal. The Plaintiffs also allege that the Juvenile Court judge who conducted the proceeding concerning Brista's placement failed to comply with Georgia law.[24] Nevertheless, the Plaintiffs do admit that Macy did not appeal any of the Juvenile Court of Clinch County's decisions to remove her children and place them in the custody of various relatives and non-relatives.[25]

The Plaintiffs now bring suit against the Defendants in their official capacities. They allege that "[t]he Defendants' failures to comply with the provisions of the [Georgia] Juvenile Code providing for preservation and reunification of families, considered both individually and in their totality," amount to a violation of the First, Eighth, and Fourteenth Amendments, "as enforced through 42 U.S.C. § 1983, and in violation of the Georgia Constitution."[26] They seek declaratory and injunctive relief.[27] In their claims against the Defendant Reddick, they also seek damages. The

---

[23] Id. ¶¶ 125-27.

[24] Id. ¶ 134.

[25] Id. ¶ 203.

[26] Id. ¶¶ 163-98.

[27] In the Plaintiffs' Response Brief, they state that they do not seek damages against the state Defendants. See Pls.' Resp. Br., at 22.

Defendants move to dismiss or, in the alternative, seek a more definite statement from the Plaintiffs.

## II. Legal Standard

### A. Rule 12(b)(1)

A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute.[28] Attacks on subject matter jurisdiction come in two forms: "facial attacks" and "factual attacks."[29] Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."[30] On a facial attack, therefore, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion.[31]

"'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings,

---

[28] FED. R. CIV. P. 12(b)(1).

[29] Garcia v. Copenhaver, Bell & Assocs., M.D.'s, 104 F.3d 1256, 1261 (11th Cir. 1997); Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

[30] Lawrence, 919 F.2d at 1529 (quoting Menchaca v. Chrysler Credit, 613 F.2d 507, 511 (5th Cir. 1980)).

[31] Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981).

such as testimony and affidavits, are considered.'"[32] The presumption of truthfulness does not attach to the plaintiff's allegations.[33] Further, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[34]

**B. Rule 12(b)(6)**

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[35] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[36] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[37] Generally, notice pleading is all that is required for a valid

---

[32] Lawrence, 919 F.2d at 1529 (quoting Menchaca, 613 F.2d at 511).

[33] Id.

[34] Scarfo v. Ginsberg, 175 F.3d 957, 960-61 (11th Cir. 1999).

[35] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

[36] Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

[37] See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of

complaint.[38] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[39]

### III. Discussion

**A. Deal, et al.'s Motion**

The Defendants Deal, et al. first move to dismiss the Plaintiffs' Amended Complaint on the grounds of Younger abstention. They contend that "[t]o the extent any or all of the state court dependency cases referenced in the Amended Complaint are ongoing, the Younger abstention doctrine strongly counsels against this Court's exercise of jurisdiction . . . ."[40] Under Younger v. Harris,[41] the Court must consider: (1) whether a federal proceeding would interfere with an ongoing state proceeding; (2) whether important state interests are implicated; and (3) whether the state proceeding provides adequate opportunity for the plaintiff to raise challenges to the

---

imagination").

[38] See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[39] See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

[40] Mot. to Dismiss, at 7.

[41] 401 U.S. 37 (1971).

state proceeding based upon federal law.[42] Importantly, "[t]he doctrine of abstention . . . is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."[43] Thus, a district court should not lightly abstain from adjudicating a matter before it.[44]

Here, the parties do not dispute that the proceedings implicate important state interests in the children's welfare. They do, however, dispute whether the state proceedings are ongoing. The Defendants contend that "to the extent the dependency proceedings at issue here were not complete at the time this suit was initiated, they were clearly underway."[45] The Plaintiffs assert in response that "[s]trictly speaking, the state-court proceedings are *not* ongoing."[46] But later on in their Response Brief, the Plaintiffs assert that "the State cannot demonstrate that the state court proceedings have ended because all proceedings are ongoing or have never begun. . . . In none of

---

[42] See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); 31 Foster Children v. Bush, 329 F.3d 1255, 1274-75 (11th Cir. 2003).

[43] Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976) (quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959)).

[44] Id. at 818.

[45] Mot. to Dismiss, at 8.

[46] Pls.' Resp. Br., at 6-7 (emphasis in original).

the proceedings has a final judgment been entered, however."[47] The Plaintiffs cannot have it both ways. Because it appears that the state proceedings were ongoing as to all of the children at the time that this lawsuit was filed, the action should be dismissed without prejudice pursuant to Younger abstention. The Plaintiffs have 30 days from the date of this Order to file an amended complaint that clarifies precisely the status of each dependency proceeding at the time this action was filed.

### B. Defendant Reddick's Motion

The Defendant Charles Reddick incorporates by reference the Defendants Deal, et al.'s arguments with regard to the Court's jurisdiction over the Plaintiffs' claims.[48] Thus, like the other Defendants' Motion, the Defendant Reddick's Motion to Dismiss should be granted and the action dismissed without prejudice.

### IV. Conclusion

For these reasons, the Defendants Deal, et al.'s Motion to Dismiss or, in the alternative, Motion for a More Definite Statement [Doc. 24] is GRANTED, and the Defendant Charles R. Reddick's Motion to Dismiss [Doc. 39] is GRANTED.

---

[47] Id. at 13.

[48] See Def. Reddick's Mot. to Dismiss, at 2.

SO ORDERED, this 18 day of August, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge